UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KAREEM ABDUL JOHNSON #105117 | CIVIL ACTION NO. 21-cv-4442 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LATAUSHA JONES | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Kareem Johnson ("Plaintiff"), who is self-represented, has filed 14 civil actions in this court between November 2021 and February 2022. They primarily concern his dissatisfaction with matters related to his alleged purchase of a pickup truck. In this action, Plaintiff targets Latausha Jones. Plaintiff alleges that Ms. Jones is a secretary/desk clerk at the Shreveport office of the Department of Motor Vehicles.

Plaintiff alleges that from "on or about September 2018 thru July 2020" Ms. Jones violated the "civil and constitutional rights" of Plaintiff and his son "pursuant to" La. R.S. 14:132. The cited statute is a criminal prohibition against injuring public records. Plaintiff alleges that Ms. Jones has given his bank account numbers and social security number "to unknown sources." He complains that this amounts to fraud and bank fraud in violation of Louisiana law, and he demands monetary damages.

Plaintiff is proceeding in forma pauperis, so his complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). District courts may raise the

defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff filed his complaint on a form for asserting prisoner civil rights claims under 42 U.S.C. § 1983. The body of his complaint, however, relies on claims under state law. Many of the statutes he cites are criminal provisions that are not enforceable by a private party such as Plaintiff, or they are completely irrelevant (such as his citation to a statute regarding fraud relating to the City of Alexandria retirement system). Plaintiff's claims sound in tort, and Louisiana provides a one-year prescriptive period to commence a civil action on such a claim. To the extent Plaintiff asserts a claim under 42 U.S.C. § 1983, the federal courts borrow the Louisiana one-year prescriptive period. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989).

Plaintiff alleges that Ms. Jones took wrongful actions between September 2018 and July 2020. He did not file this civil action until January 2022, which was more than one year after the last alleged wrong. Plaintiff's complaint is, therefore, untimely on its face and should be dismissed. "Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." James v. Richardson, 344 Fed. Appx. 982, 983 (5th Cir. 2009). This recommended dismissal affords Plaintiff fair notice and an opportunity to present his position because he will have an opportunity after this report and recommendation issues to file objections and attempt to explain why his complaint should not be dismissed as untimely. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice because it is untimely.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2022.



Mark L. Hornsby
U.S. Magistrate Judge